UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                                      Case No. 02-30767 - WRS
                                                                                           Chapter 7

STEPHEN L. PRICE,

    Debtor.


SUSAN S. DEPAOLA, TRUSTEE

    Plaintiff,                                                          Adv. Pro.No. 05-3063 - WRS

v.

STEPHEN L. PRICE AND STARLA
W. PRICE FRAZIER


## MEMORANDUM DECISION

    This Adversary Proceeding came before the Court for hearing on October 12, 2005, upon the motion of Starla W. Price Frazier ("Frazier") to dismiss for failure to state a claim. Defendant Frazier was present by counsel David B. Anderson. The Trustee and Plaintiff, Susan S. Depaola, was present by counsel Von G. Memory. After considering the briefs and memoranda filed by the parties and hearing the evidence, for the reasons expressed below, Defendant Frazier's Motion to Dismiss is DENIED. (Docs. 8, 15). Also, as explained below, due to the issues yet to be resolved in this Adversary

Proceeding, the Court also finds that Defendant Frazier's Motion for Relief from the Automatic Stay[1] is due to be DENIED. (Case No. 02-30767, Docs. 71, 73).

## I. JURISDICTION

The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

## II. FINDINGS OF FACT

It should first be noted that many of the facts involved in this Adversary Proceeding are in dispute and have yet to be fully fleshed out. However, the Court will recite the facts as has been presented to it thus far in this Adversary Proceeding to the extent necessary for purposes of resolving the motions presently at bar. At the heart of this Adversary Proceeding are two pieces of property that were the subject of a divorce and marital settlement agreement between Stephen L. Price ("Debtor")[2] and Frazier. Frazier and the Debtor were married for thirteen years. Frazier filed for divorce in the Circuit Court of Montgomery County on February 2, 2001. (Doc. 8). The parties entered into a marital settlement agreement on August 2, 2001. The marital settlement agreement

---

[1] This Court's Order dated July 20, 2005, instructed that the automatic stay shall remain in effect for 30 days from the date of that Order subject to the Trustee filing an Adversary Proceeding. (Case No. 02-30767, Doc. 78).

[2] The Debtor filed a voluntary Chapter 11 petition in this Court on March 11, 2002. (Case No. 02-30767, Doc. 1). This case was voluntarily converted to a case under Chapter 7 on April 24, 2002. (Case No. 02-30767, Doc. 8). Susan S. DePaola, the Plaintiff, was appointed as interim Trustee by Order of this Court on May 6, 2002. (Doc. 26).

addressed the ownership of two pieces of property that are now at the heart of this dispute: 1) 250 shares of common stock[3] in Tiffin Motor Homes, Inc., acquired by the Debtor under his mother's will; and 2) the conveyance of all right, title, and interest to the parties' jointly owned residence in Steamboat Springs, Colorado. It is alleged that Frazier was awarded a conditional interest in the stock of Tiffin Motor Homes, Inc., and all right, title and interest in the Steamboat Springs residence. Incident to the conveyance of the parties' residence per the marital settlement agreement, the property was sold and, according to the Trustee, net proceeds in the amount of $260,000.00 remained after the payment of liens and costs. (Doc. 1). Subsequent to the sale of the property a state court action was initiated in Colorado by Great Plains Transportation Services, Inc., which sought to place a lien on the Colorado residence. This claim was ultimately settled by Frazier. With respect to the Tiffin Motor Homes stock, the Debtor participated as a plaintiff in a minority shareholder action against Bob Tiffin, filed in 2001 in the Circuit Court of Franklin County, Alabama. (CV-01-223). That civil action settled for $19,350,000.00. The individual distribution reserved for the Debtor is $1,075,000.00. The Trustee alleges that the Debtor and Frazier have wrongfully and intentionally withheld information regarding the Tiffin Motor Homes stock and the state court litigation involving the residence. It is alleged that the Debtor failed to list this civil litigation in his bankruptcy schedules. It is these settlement proceeds from the state court litigation involving the residence and the proceeds from the shareholder action that the Trustee is seeking to recover as property of the Debtor's bankruptcy estate.

---

[3] The Tiffin Motor Homes stock was subject to a stock transfer agreement whereby Bob Tiffin and/or Tiffin Motor Homes, Inc., was granted the right of first refusal to purchase the shares upon terms and price of any bona fide offer. Furthermore, the agreement provided that in the event of a transfer, Tiffin was granted a purchase option from the transferee.

### III. CONCLUSIONS OF LAW

This Court is compelled to follow the standard set forth by the Eleventh Circuit in considering a motion to dismiss. For purposes of deciding the present motion to dismiss, a "complaint must be taken as true and read in the light most favorable to the plaintiff." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) (quoting *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992)). Stated another way, "[m]otions to dismiss for failure to state a claim should be denied unless it appears *beyond doubt that the Plaintiff can prove no set of facts in support of its claims*." *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1580 (11th Cir. 1986) (emphasis added) (quoting *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103 (11th Cir. 1982)). Furthermore, when reviewing such a motion, all allegations are to be construed as true and read in the light most favorable to the plaintiff. *Id*; *see also Solis-Ramirez v. U.S. Dep't. of Justice*, 758 F.2d 1426, 1429 (11th Cir. 1985). Any doubts or ambiguities with respect to the sufficiency of the claim must be resolved in favor of the plaintiff. *Deerman v. Federal Home Mortg. Corp.*, 955 F. Supp. 1393, 1397 (N.D. Ala. 1997).

The Trustee here has stated a claim sufficient to overcome a motion to dismiss. The Trustee has asserted a turnover action pursuant to 11 U.S.C. § 542, alleging that both Frazier and the Debtor "have wrongfully and intentionally withheld information" regarding the Tiffin Motor Homes stock and regarding the civil action filed in the Circuit Court of Franklin County. (Doc. 1). The Trustee argues that Frazier and the Debtor have failed to disclose information and have given misleading testimony with respect to these two pieces of property, both of which according to the Trustee constitute property the

4

estate. Even at this early stage in the proceedings, the Defendant Frazier has vigorously disputed the allegations asserted in the complaint. However, the underlying merit or ultimate success of the Trustee's claims are issues that the Court is not required to address at this time. The sole issue the Court must now determine is whether it appears beyond doubt that the Plaintiff can prove no set of facts in support of its claims. *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1580 (11th Cir. 1986). Upon review of the allegations made in the complaint and after considering the various arguments of counsel, the Court determines that it cannot conclude that the Plaintiff can prove no set of facts that will support the claims asserted in this Adversary Proceeding. The Court is cognizant of the fact that it is "under no duty to rewrite plaintiff's complaint to find a claim," nor is the Court in a position to determine the very best theory of recovery for the Plaintiff. *Deerman v. Federal Home Mortgage Co.*, 955 F. Supp. 1393, 1397 (N.D. Ala. 1997)(citing *Peterson v. Atlanta Housing Authority*, 998 F.2d 904, 912 (11th Cir. 1993)). In this case the Trustee has asserted a claim, which is sufficient to survive a motion to dismiss— that the proceeds from the settlement of the civil action involving the Steamboat Springs residence and that the proceeds from the civil action involving the Tiffin Motor Homes stock are property of the estate, and that information thereof has been concealed.

### IV. CONCLUSION

For the reasons expressed above, Defendant Frazier's Motion to Dismiss is DENIED. (Doc. 8, 15). Furthermore, because the issue of whether or not the aforementioned

5
Case 05-03063   Doc 17   Filed 10/14/05   Entered 10/14/05 11:28:49   Desc Main
Document     Page 5 of 6

property constitutes property of the estate remains outstanding and unresolved, Defendant Frazier's Motion for Relief from the Automatic Stay is DENIED without prejudice, pending the resolution of this Adversary Proceeding. (Case No. 02-30767, Docs. 71, 73). Frazier's motion alternatively requests that the Court abstain from hearing this Adversary Proceeding. In light of the aforementioned discussion, such request is DENIED. Finally, the Plaintiff's Motion to Strike Matters Outside the Pleadings is DENIED as moot. (Doc. 16). The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 14th day of October, 2005.

/s/ William R. Sawyer
United States Bankruptcy Court

c: David B. Anderson, Attorney for Starla W. Price Frazier
Charles N. Parnell, III, Attorney for Stephen L. Price
Von G. Memory, Attorney for Trustee
Debtor
Teresa Jacobs, Bankruptcy Administrator

6
Case 05-03063    Doc 17    Filed 10/14/05    Entered 10/14/05 11:28:49    Desc Main
Document    Page 6 of 6