UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                Case No. 02-30767-WRS
                                                                     Chapter 7
STEPHEN L. PRICE,

    Debtor.

SUSAN S. DEPAOLA, TRUSTEE

    Plaintiff,                                         Adv.Pro.No. 05-3063 - WRS
v.

STEPHEN L. PRICE AND STARLA
W. PRICE FRAZIER

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion for Summary Judgment on Statute of Limitations, filed by Defendant Starla W. Price Frazier ("Frazier"). (Doc. 36). Plaintiff, Susan S. DePaola, ("Trustee"), has filed a response raising the doctrine of equitable tolling as a defense. (Docs. 45, 46, 47). Upon consideration of the briefs submitted by the parties, the Court finds that there are genuine issues of material fact as to whether the statue of limitations is tolled pursuant to the doctrine of equitable tolling. For this reason, Defendant Frazier's motion for summary judgment is DENIED. (Doc. 36).

## I. JURISDICTION

The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

## II. FACTS

The Court has previously set forth the facts of this Adversary Proceeding in its Memorandum Decision dated October 14, 2005, denying Defendant Frazier's motion to dismiss, (Docs. 8, 17,) and will briefly restate the facts of this case. This Adversary Proceeding involves two pieces of property that were the subject of a divorce and marital settlement agreement between Stephen L. Price ("Debtor")[1] and Frazier. These two parties were married for a period of thirteen years until Frazier filed for divorce in the Circuit Court of Montgomery County on February 2, 2001. (Doc. 8). The parties entered into a martial settlement agreement on August 2, 2001. Two pieces of property, now at issue in this Adversary Proceeding, were addressed by the marital settlement agreement: (1) 250 shares of common stock in Tiffin Motor Homes, Inc., acquired by the Debtor under his mother's will; and (2) the conveyance of all right, title, and interest to the parties' jointly owned residence in Steamboat Springs, Colorado. It is alleged that Frazier was awarded a conditional interest in the stock of Tiffin Motor Homes, Inc., and all right, title and interest in the Steamboat Springs residence. The residence was eventually sold, with net proceeds in the amount of $260,000.00 remaining after payment

---

[1] The Debtor filed a voluntary Chapter 11 petition in this Court on March 11, 2002. (Case No. 02-30767, Doc. 1). This case was voluntarily converted to a case under Chapter 7 on April 24, 2002. (Case No. 02-30767, Doc. 8). Susan S. DePaola was appointed as interim Trustee by Order of this Court on May 6, 2002. (Case No. 02-30767, Doc. 26). The Debtor received his discharge on January 10, 2003 (Case No. 02-30767, Doc. 55), and this case was closed on June 21, 2004. (Case No. 02-30767, Doc. 59). Upon the Trustee's motion, the Court ordered the case to be reopened on February 2, 2005. (Case No. 02-30767, Doc. 69).

of all liens and costs. (Doc. 1). The Tiffin Motor Homes stock was the subject of a lawsuit in which the Debtor participated as a party plaintiff in a minority shareholder action against Bob Tiffin, in 2001 in the Circuit Court of Franklin County, Alabama. (CV-01-223). The civil action resulted in a settlement of $19,350,000.00, with an individual distribution reserved for the Debtor in the amount of $1,075,000.00.

The Trustee claims that the Debtor and Frazier have conspired to withhold information and to prevent the Trustee from obtaining information regarding the referenced stock and the civil litigation. More specifically, the Trustee alleges that the Debtor failed or refused to list the stock or the litigation involving the stock in his bankruptcy schedules and disclosures filed March 11, 2002. With respect to the residence, the Trustee alleges that incident to the conveyance of the property to Frazier under the marital settlement agreement, Frazier sold the property without notice to the Trustee and received the balance of the proceeds from that transaction. By initiating this Adversary Proceeding the Trustee is now seeking a determination that the settlement proceeds involving the residence are property of the estate, and also that the Tiffin Motor Homes stock is property of the estate as well as the settlement proceeds of the civil action involving that stock. The Court will now turn to the question of whether the Trustee's complaint is time-barred.

### III. DISCUSSION

In her motion for summary judgment Defendant Frazier advances the argument that absent proof of an actionable fraudulent transfer, the Trustee cannot ultimately succeed

3

on her claims alleging that the Tiffin Stock and the proceeds from the sale of the residence are property of the Debtor's estate. Furthermore, Frazier argues that all fraudulent transfer claims are barred by the applicable statute of limitations, and for that reason the Trustee's claims are to be dismissed as a matter of law.[2] The Trustee contends that the doctrine of equitable tolling applies to toll the statute of limitations. The law is well settled that where fraud is alleged, statutes of limitations yield to the doctrine of equitable tolling so as not to reward fraud and deception. A number of courts have addressed the doctrine of equitable tolling in the context of tolling deadlines for discharge revocation pursuant to § 727(e) or avoidance actions pursuant to § 546(a). See Fugate v. Pack (In re: Pack), 252 B.R. 701, 708 (Bankr. E.D. Tenn. 2000)(citing White v. Boston (In re: Boston), 104 B.R. 951, 957 (S.D. Ind. 1989); Dwyer v. Peebles (In re: Peebles), 224 B.R. 519, 522 (Bankr. D. Mass. 1998); Michaels v. Nat'l Bank of Sussex County (In re: E-Tron Corp), 141 B.R. 49, 55 (Bankr. D. N.J. 1992); Caughty v. Succa (In re: Succa), 125 B.R. 168, 174 (Bankr. W.D. Tex. 1991); McGoldrick v. McGoldrick (In re: McGoldrick), 117 B.R. 554, 559 (Bankr. C.D. Cal. 1990); Martin v. Butcher (In

---

[2] 11 U.S.C. § 546, in relevant part, provides the following:

(a) An action or proceeding under section 544, 545, 547, or 553 of this title may not be commenced the earlier of—
    (1) the later of—
        (A) 2 years after the entry of the order for relief; or
        (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
    (2) the time the case is closed.

In the instant case, the order for relief was entered on March 11, 2002. (Case No. 02-30767, Doc. 1). Two years after that date is March 11, 2004. The Trustee was appointed on May 6, 2002. (Case No. 02-30767, 26). The later of these two dates is March 11, 2004. The bankruptcy case was closed on June 21, 2004 (Case No. 02-30767, Doc. 59). The earlier of these two dates is March 11, 2004, which means that the statute of limitations expired on this date. The Trustee's complaint was not filed until August 12, 2005. (Doc. 1).

re: Butcher), 72 B.R. 247, 250 (Bankr. E.D. Tenn. 1987). See also Pugh v. Brook (In re: Pugh), 158 F.3d 530, 534-36 (11th Cir. 1998)(concluding that the limitations period prescribed in §§ 546(a) and 549(d) are statutes that are subject to the doctrine of equitable tolling and waiver).

Given the allegations of fraudulent concealment asserted by the Trustee and the case law in this area, the Court finds that it would not be appropriate to grant Frazier's motion for summary judgment. The Court finds disputed facts as to the issue of whether the statute of limitations in this case has actually been tolled. The Court finds that issues regarding the Trustee's knowledge and diligence in pursuing these claims are more appropriately resolved in the context of a trial.

## IV. CONCLUSION

Finally, for the reasons stated herein, Defendant Frazier's motion for summary judgment is DENIED. (Doc. 36). Additionally, the Trustee has requested more time to conduct additional discovery and to amend the pleadings adding counts for fraudulent transfers. (Doc. 47). The Court will enter an Order consistent with the conclusions reached in this Memorandum Decision and will schedule the Trustee's request for hearing.

Done this 13th day of February, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: David B. Anderson, Attorney for Starla W. Price Frazier
   Von G. Memory, Attorney for Trustee
   Charles N. Parnell, Attorney for Stephen L. Price
   Andre M. Toffel, Attorney for Thomas E. Baddley