UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 02-30767
                                                         Chapter 7

STEPHEN L. PRICE,

    Debtor.


SUSAN S. DEPAOLA, TRUSTEE

    Plaintiff,                                   Adv. Pro.No. 05-3063

v.

STEPHEN L. PRICE AND STARLA
W. PRICE FRAZIER


**MEMORANDUM DECISION**

This Adversary Proceeding is before the Court upon the Motion to Dismiss filed by Defendant Thomas E. Baddley ("Baddley"). (Doc. 39). Defendant Frazier has filed a response. (Doc. 58). Baddley has been brought into this lawsuit by way of a counterclaim against him filed by Defendant Frazier. (Doc. 26). For the reasons discussed below, Baddley's Motion to Dismiss is DENIED. (Doc. 39).

**I. FACTS**

This Adversary Proceeding involves two pieces of property that were the subject of a divorce and marital settlement agreement between Stephen L. Price ("Debtor") and

Frazier.[1]  The two pieces of property are: (1) 250 shares of common stock in Tiffin Motor Homes, Inc., acquired by the Debtor under his mother's will; and (2) the conveyance of all right, title, and interest to the parties' jointly owned residence in Steamboat Springs, Colorado.  It is alleged that Frazier was awarded a conditional interest in the stock of Tiffin Motor Homes, Inc., and all right, title and interest in the Steamboat Springs residence.  The residence was eventually sold and the stock was the subject of a lawsuit in which the Debtor participated as a party plaintiff in a minority shareholder action against Bob Tiffin, in 2001 in the Circuit Court of Franklin County, Alabama.  (CV-01-223).  The Trustee claims that the Debtor and Frazier have conspired to withhold information and to prevent the Trustee from obtaining information regarding the referenced stock and the civil litigation.  The Trustee is now seeking a determination that the settlement proceeds involving the residence are property of the estate, and also that the Tiffin Motor Homes stock is property of the estate as well as the settlement proceeds of the civil action involving that stock.

Defendant Frazier alleges that the marital settlement agreement of August 2, 2001, granted her ownership and a lien upon the Tiffin Motor Homes stock.  (Doc. 26).  Frazier further contends that Baddley was the Debtor's counsel in the minority shareholder action and that he claims an attorney's lien upon the proceeds of the sale of the stock.  (Doc. 26).  Frazier has filed a counterclaim against Baddley seeking a determination as to the extent, priority, and validity of the attorney's lien upon the Tiffin Motor Homes stock and the proceeds of the sale of that stock.

---

[1] The Court has previously addressed the facts of this case in both its Memorandum Decision dated October 14, 2005 (Docs. 8, 17), and in its Memorandum Decision dated February 13, 2006.. (Docs. 36, 49).

## II. DISCUSSION

In his motion to dismiss Baddley makes a flurry of arguments including: 1) that this proceeding as it relates to him is non-core; 2) the Court lacks subject matter jurisdiction because Frazier has failed to bring the proper party in interest; and 3) Frazier has not stated a claim because Baddley would not be the party who would assert the attorney's lien.

First, the Court holds that it does not lack subject matter jurisdiction. The starting point for determining whether a bankruptcy court has subject matter jurisdiction is 28 U.S.C. § 1334. Section 1334(b) provides that a district court has subject matter jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." In considering whether a court has subject matter jurisdiction, it is important to engage in a discerning examination of the pleadings to determine if federal bankruptcy law creates the cause of action or if the right to the relief requested is dependent upon a substantial question of federal bankruptcy law. In re: Johnson, 2002 WL 31084142, at *1 (Bankr. D.S.C. July 31, 2002); see also Pioneer Credit Co. v. Detamore (In re: Detamore), 2005 Bankr. LEXIS 2182, at *4-5 (Bankr. N.D. Ga. Sept. 27, 2005). In the instant case, the Court has subject matter jurisdiction over this Adversary Proceeding as this is an action to determine if certain properties are assets of the bankruptcy estate. The matter between the Trustee, Frazier, and the Debtor necessarily depends upon resolution of a substantial question of federal bankruptcy law.

Furthermore, because Baddley purports to assert a lien on what may be property of the estate, the Court finds that it has subject matter jurisdiction.

Baddley also contends that this proceeding is non-core as it relates to him. 28 U.S.C. § 157(b)(1) provides that bankruptcy courts have full judicial power over "core proceedings arising under title 11, or arising in a case under title 11." Section 157 equates core proceedings with the categories of "arising under" and "arising in" proceedings. Mich. Empl. Sec. Comm'n v. Wolverine Radio Co. (In re: Wolverine Radio Co.), 930 F.2d 1132, 1144 (6th Cir. 1991). The Court finds that this entire matter is core, including the claim asserted against Baddley. Frazier alleges that Baddley asserts an attorney's lien on property which the Trustee claims is property of the estate. By the explicit language of section 157, "determinations of the validity, extent, or priority of liens" are core proceedings. It is well settled that these types of determinations "arise in" a bankruptcy case and are consequently core matters. In re: Zachman Homes, Inc., 83 B.R. 633, 638 (Bankr. D. Minn. 1985)(disputes involving the validity, priority, and extent of liens against property of the bankruptcy estate necessarily "arise" in a bankruptcy case and are thus subject to bankruptcy court's core jurisdiction). Moreover, adjudicating the competing claims of creditors to property of the bankruptcy estate is an essential function of this Court. See Marriott Family Restaurants v. Lunan Family Restaurants (In re: Lunan Family Restaurants), 194 B.R. 429, 440 (Bankr. N.D. Ill. 1996)("[a]djudicating competing claims of creditors to the property of a bankruptcy is the central function of bankruptcy law"). For these reasons, Baddley's claim that this proceeding is non-core as it relates to him is not well taken.

Finally, Baddley ask the Court to dismiss the counterclaim asserted against him pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of deciding a motion to dismiss, a "complaint must be taken as true and read in the light most favorable to the plaintiff." Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (quoting Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992)). Stated another way, "[m]otions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of its claims." Jackam v. Hospital Corp. of America Mideast, Ltd., 800 F.2d 1577, 1580 (11th Cir. 1986)(quoting Bracewell v. Nicholson Air Services, Inc., 680 F.2d 103 (11th Cir. 1982)). Furthermore, when reviewing such a motion, all allegations are to be construed as true and read in the light most favorable to the plaintiff. Id; see also Solis-Ramirez v. U.S. Dep't. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985).

Baddley argues that Frazier in asserting the counterclaim has failed to state a claim upon which relief can be granted because "any cause of action would lie against Baddley & Mauro, LLC and not him individually." The Court rejects this argument as the allegation has been made that Baddley asserts an attorney's lien against the property at issue. The fact remains that if Baddley decides that this litigation has nothing to do with him, he could simply file documentation with the Court attesting that neither him, nor his law firm assert an attorney's lien over the property at issue. The Court declines to accept Baddley's invitation to play a shell game with respect to the assertion of an attorney's lien. Furthermore, the Court notes that Frazier may seek leave to amend the pleadings pursuant to Fed. R. Civ. P. 15(a), made applicable to Adversary Proceedings by

Rule 7015, Fed. R. Bankr. P.  The Court finds that Frazier has stated a claim upon which relief can be granted.

### III.  CONCLUSION

In summary, the Court concludes that it has subject matter jurisdiction and also that this matter is a core proceeding.  Furthermore, the Court finds that Frazier has stated a claim upon which relief can be granted.  For these reasons, Baddley's Motion to Dismiss is DENIED.  (Doc. 39).  The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 20th day of March, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Andre M. Toffel, Attorney for Thomas E. Baddley
   Von G. Memory, Attorney for Plaintiff
   David B. Anderson, Attorney for Starla W. Price Frazier
   Charles N. Parnell, III, Attorney for Stephen L. Price