UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 02-30767-WRS
                                                   Chapter 7
STEPHEN L. PRICE,

    Debtor

SUSAN SHIROCK DEPAOLA, TRUSTEE,

    Plaintiff                                  Adv. Pro. No. 05-3063-WRS

  v.

STEPHEN L. PRICE and STARLA
WATSON PRICE FRAZIER,

    Defendants

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court upon the "Motion of Debtor Seeking Equitable Relief Regarding Form 1099 Report of Miscellaneous Income." (Doc. 55, 64). For the reasons set forth below, the motion is DENIED.

## I. FACTS

In this Adversary Proceeding, the Chapter 7 Trustee seeks to recover two items of property: (1) 250 share of common stock in Tiffin Motor Homes, Inc., and (2) a residence in Steamboat Springs, Colorado. The items had been awarded to the Debtor's former spouse, Starla W. Price Frazier, pursuant to a divorce decree. The Trustee contends that these two items a property of the estate and seeks to recover them for the benefit of the creditors.[1] There is, at this time, a difference of opinion between the Trustee and Frazier as to whether this is so.

---

[1] The Trustee amended her complaint on March 13, 2006. (Doc. 59).

In the meantime, Tiffin Motor Homes, Inc., has issued 1099 tax forms to the Debtor, with copies to the Internal Revenue Service, to the effect that Price has received miscellaneous income in the amount of $430,456.35. The Debtor is concerned that the Internal Revenue Service may proceed against him to collect taxes on the miscellaneous income and seeks to head them off by way his motion.

## II. LAW

The Court's subject matter jurisdiction is defined by 28 U.S.C. § 1334. In general terms, a dispute must somehow affect a bankrupt estate, or the bankruptcy court does not have jurisdiction over the matter. At this time, it is entirely speculative as to what, if anything, the Internal Revenue Service may do about the 1099 form in question. If the Internal Revenue Service takes action, and if it can be shown that the dispute falls within the purview of this Court's subject matter jurisdiction (e.g. a proceeding under § 505), then this Court may well have subject matter jurisdiction. As the Debtor cannot make such a showing at this time, the motion is DENIED. This denial is without prejudice to the Debtor's right to bring an action under § 505 in the event that he becomes entitled to bring an action which falls within this Court's subject matter jurisdiction.

Done this 11th day of April, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Von G. Memory, Attorney for Plaintiff
Charles N. Parnell III, Attorney for Stephen Price
David B. Anderson, Attorney for Starla Frazier
Andre M. Toffel, Attorney for Thomas E. Baddley