UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 02-30767 - WRS
                                                   Chapter 7

STEPHEN L. PRICE,

    Debtor.


SUSAN S. DEPAOLA, TRUSTEE


        Plaintiff,                                 Adv.Pro.No. 05-3063 - WRS

v.

STEPHEN L. PRICE AND STARLA
W. PRICE FRAZIER


# MEMORANDUM DECISION

    This Adversary Proceeding came before the Court for a telephonic hearing on June 6, 2006. The Plaintiff was present by counsel Von G. Memory, Defendant Starla Frazier was present by counsel David B. Anderson and Defendant Baddley & Mauro, LLC was present by counsel Andre M. Toffel. Before the Court for consideration was a Motion for Protective Order filed by Baddley & Mauro (Doc. 70), and a Motion for Protective Order filed by Susan S. DePaola. (Doc. 93). The parties have submitted a proposed Protective Order in an attempt to resolve the motion of Baddley & Mauro. The Court requested copies of the pertinent agreements, which have been submitted for review in camera by Andre Toffel. In addition, Von Memory, counsel for Susan DePaola, advised the Court that the parties have resolved her motion and that an agreed order would be presented in the near future. At this time, the Court will

consider only the motion of Baddley & Mauro.

## I. FACTS

This Adversary Proceeding was brought by Chapter 7 Trustee Susan DePaola against the Debtor's former spouse, Starla Watson Price Frazier. Starla Frazier and Stephen Price (the Debtor) were divorced in 2001. Starla and Stephen entered into a Marital Settlement Agreement on August 1, 2001. Pursuant to the Settlement Agreement, stock in Tiffin Motor Homes, Inc., and a resident in Steamboat Springs, Colorado were purportedly to be transferred to Starla. The Trustee contends that the net proceeds from the sale of the residence were $260,000 and that the proceeds from the sale of the stock were $1,075,000.

Stephen Price filed a petition in bankruptcy in this Court, pursuant to Chapter 11 of the Bankruptcy Code, on March 11, 2002. On April 19, 2002, Stephen Price moved to convert his Chapter 11 case to a case under Chapter 7. (Doc. 17). This Court entered an order of conversion on April 24, 2002. (Doc. 17). On January 10, 2003, this Court granted Stephen Price a discharge pursuant to 11 U.S.C. § 727. On June 15, 2004, the Trustee filed a Report of No Distribution, meaning that no distribution was to be made to creditors. It does not appear that either the transfer of the Tiffin Motor Homes stock nor the fact that there was more than a quarter of a million dollars equity in the Steamboat Springs residence were disclosed in Stephen Price's bankruptcy proceedings.

The Trustee reopened Stephen Price's Chapter 7 bankruptcy case and filed this Adversary Proceeding in an effort to recover the value of these undisclosed items. The original complaint in this Adversary Proceeding was filed on August 12, 2005. The theme of these

-2-

proceedings would appear to be–millions for Starla, nothing for Stephen (and his creditors): it must be fraud.  At this stage of the proceeding, it is not necessary to resolve all of the facts.  Painting with a broad brush, one can see that whether or not there is fraud, nondisclosure and material mistatements of fact, are facts which need to be resolved.

Against this backdrop, the Court reviewed copies of a "Release and Settlement Agreement" dated January 3, 2005, between Tiffin Motor Homes, Stephen Price and others; a "Stock Purchase Agreement" dated January 7, 2005, involving the same parties and an amendment.  The Court will refer to these collectively as "the agreements."  It would appear that Stephen Price was a party to the lawsuit involving Tiffin Motor Homes, which should have been disclosed in the Statement of Financial Affairs.

Paragraph 7 of the Release and Settlement Agreement provides the Plaintiffs shall keep the terms of the Agreement confidential "except as required by law."  When Stephen Price filed bankruptcy he incurred a legal obligation to make certain disclosures.  See, 11 U.S.C. § 521.

## II.  CONCLUSIONS OF LAW

Rule 26(c), Fed. R. Civ. P., provides that the Court has discretion to enter a protective order.  In this Adversary Proceeding, Baddley seeks a protective order to prevent dissemination of the "agreements" (as defined above).  The parties are in agreement as to this matter and have submitted a proposed order which the Court is not willing to sign.  The Court's difficulty with the agreed order is that it permits any party to designate any material produced during discovery as confidential, triggering a cumbersome and unnecessary set of procedures for the handling of the materials.  The Court is willing to order that the "agreements" should not be disclosed by the

parties without further order of this Court, but no further.

The Settlement Agreement contains a confidentiality provision which was the subject of negotiation during the pendency of the suit involving the Tiffin Motor Homes stock. At this point, it would appear that the precise terms and conditions of the agreements are not central to this Adversary Proceeding. Apparently it is undisputed that settlement of this case resulted in $1,075,000 to be paid, either to Starla or Stephen. It does not appear that this Adversary Proceeding will turn on the terms and conditions of the agreements, but rather upon the conduct of the parties in connection with the execution of the "Marital Settlement Agreement," which was executed in connection with the divorce proceedings in Montgomery County, Alabama.

The Court is mindful that the facts of this Adversary Proceeding are developing and that its understanding of those facts is, at this time, limited. In the future, it may be necessary to modify the terms of this protective order, or terminate it completely. Moreover, if any party to this Adversary Proceeding becomes aware of facts which would make a modification of this Protective Order advisable, nothing in the terms of this order shall preclude such a motion.

The Court will, by way of a separate order, require Baddley to produce copies of the agreements to all other parties in this case. The parties who accept copies of the agreements shall keep them confidential and shall not disclose them to anyone other than: (1) the parties to this Adversary Proceeding, who shall not make further disclosure to others; (2) counsel of record

in this Adversary Proceeding, and their partners, associates or staff with a need to see the materials; and (3) experts retained or consulted in connection with this Adversary Proceeding. Copies of the Agreements should not be filed with the Court unless leave to do so is first obtained.

Done this 15th day of June, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Von G. Memory, Attorney for Plaintiff
David B. Anderson, Attorney for Starla W. Price Frazier
Charles N. Parnell, III, Attorney for Stephen L. Price
Andre M. Toffel, Attorney for Thomas E. Baddley