UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                          Case No. 02-30767-WRS
                                                               Chapter 7

STEPHEN L. PRICE,

    Debtor.


SUSAN S. DEPAOLA, TRUSTEE


    Plaintiff,                                          Adv. Pro.No. 05-3063-WRS

v.

STEPHEN L. PRICE AND STARLA
W. PRICE FRAZIER


## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the second Motion for Summary Judgment filed by Defendant Starla W. Price Frazier ("Frazier"). (Docs. 86, 103). Plaintiff, Susan S. DePaola, ("Trustee"), has filed a response to the motion. (Docs. 101, 102). The Court heard argument on the motion on June 27, 2006. Frazier was present by counsel Deanna L. Weidner and David B. Anderson. Defendant Stephen L. Price ("Debtor") was present by counsel Charles N. Parnell and Defendant Baddley & Mauro, LLC was present by counsel Andre M. Toffel. The Trustee was present by counsel Von G. Memory. For the reasons set forth below, the Frazier's Motion for Summary Judgment is DENIED.

## I. BACKGROUND

The pertinent facts are summarized as follows. This Adversary Proceeding, brought by the Chapter 7 Trustee against Frazier and Stephen L. Price ("Debtor"), involves two pieces of property that were the subject of a divorce and marital settlement agreement dated August 2, 2001. (Doc. 47, Ex. C). The two items of property are: (1) 250 shares of common stock in Tiffin Motor Homes, Inc.; and (2) a residence in Steamboat Springs, Colorado. The residence has since been sold and the Trustee alleges that Frazier has received and used the balance of the proceeds from the sale of the residence. The Tiffin Stock was the subject of a lawsuit in which the Debtor participated as a party plaintiff in a minority shareholder action against Bob Tiffin, in 2001 in the Circuit Court of Franklin County, Alabama. (C-01-223).

The Debtor filed a Chapter 11 petition in this Court on March 11, 2002. On April 19, 2002, the Debtor moved to convert his Chapter 11 case to a case under Chapter 7. The case was subsequently converted by Order of this Court on April 24, 2002. (Doc. 18). The Debtor was granted a discharge on January 10, 2003. (Doc. 55). Price did not list his ownership in any stock in his bankruptcy schedules or the lawsuit involving the stock in which he was a party. Upon motion of the Trustee, this Adversary Proceeding was reopened in attempt to recover the proceeds from the sale of the residence, the stock and any settlement proceeds or damages from the civil action in Franklin County. On November 8, 2005, Frazier filed a counterclaim against the Trustee and a counterclaim against Thomas E. Baddley and his law firm Baddley & Mauro, LLC ("Baddley"), the Debtor's counsel in the state court litigation, as well as a crossclaim against the Debtor.

(Docs. 26, 80). On March 13, 2006, the Trustee amended her complaint to assert a claim under 11 U.C.S. § 544.[1] (Doc. 59). This Adversary Proceeding was scheduled for trial during the week of August 21, 2006. (Doc. 69). On May 15, 2006, Frazier moved to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d); see also Rule 5011, Fed. R. Bank.P. (Doc. 92). The motion to withdraw the reference is now pending before the District Court.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment Standard

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

[1] The Trustee, in her amended complaint, has asserted a claim pursuant to the Alabama Fraudulent Transfer Act, § 8-9A-4. (Doc. 59).

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. at 322; Hail v. Regency Terrace Owners Association, 782 So.2d1271, 1273 (Ala. 2000). At the stage of summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. To avoid an adverse ruling on a motion for summary judgment,"the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v.Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v.Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

## B. DISCUSSION

In her Motion for Summary Judgment, Frazier argues that the applicable statute of limitations has expired and that the pursuit of this Adversary Proceeding is barred as a matter of law. The Court first recognizes that 11 U.S.C. § 546 is applicable to the Trustee's claims. In re: Topcor, Inc., 132 B.R. 119, 123 (Bankr. N.D.Tex. 1991)("[t]he majority of courts that have addressed the issue have held that § 546(a) is the applicable limitations provision for a § 544 action."), and cases cited therein. See also Mahoney, Trocki & Associates, Inc. v. Kunzman, 111 B.R. 914, 917 (Bankr. S.D. Cal. 1990)(the court concluded that § 546(a) governs actions brought under § 544); In re: Olsen, 2001 Bankr. LEXIS 2142, at *2 (Bankr. D. Neb. Oct. 26, 2001)(Section 546(a) of the

Bankruptcy Code governs the time frame for bringing an avoidance action). 11 U.S.C. § 546, provides, in relevant part, as follows:

> (a) An action or proceeding under section 544, 545, 547, or 553 of this title may not be commenced the earlier of—
>     (1) the later of—
>         (A) 2 years after the entry of the order for relief; or
>         (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>     (2) the time the case is closed.

Here, the order for relief was entered on March 11, 2002. (Case No. 02-30767, Doc. 1). Two years after that date is March 11, 2004. The Trustee was appointed on May 6, 2002. (Case No. 02-30767, 26). The later of these two dates is March 11, 2004. The bankruptcy case was closed on June 21, 2004 (Case No. 02-30767, Doc. 59). The earlier of these two dates is March 11, 2004, which means that the statute of limitations expired on this date. As the Trustee's complaint was not filed until August 12, 2005, the statute of limitations, as provided by § 546, has expired. (Doc. 1).

    The Trustee has invoked the doctrine of equitable tolling, contending that it is applicable in this case to toll the statute of limitations. Courts considering the issue have consistently recognized that the "doctrine of equitable tolling is read into every federal statute of limitation including § 546(a)(1). In re: Pomaville, 190 B.R. 632, 636 (Bankr. D. Minn. 1995)(citing Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946); In re: United Ins. Management, Inc., 14 F.3d 1380, 1385 (9th Cir. 1994)); see also Fugate v. Pack (In re: Pack), 252 B.R. 701, 708 (Bankr. E.D. Tenn. 2000)(citing

White v. Boston (In re: Boston), 104 B.R. 951, 957 (S.D. Ind. 1989); Dwyer v. Peebles (In re: Peebles), 224 B.R. 519, 522 (Bankr. D. Mass. 1998); Michaels v. Nat'l Bank of Sussex County (In re: E-Tron Corp), 141 B.R. 49, 55 (Bankr. D. N.J. 1992); Caughty v. Succa (In re: Succa), 125 B.R. 168, 174 (Bankr. W.D. Tex. 1991); McGoldrick v. McGoldrick (In re: McGoldrick), 117 B.R. 554, 559 (Bankr. C.D. Cal. 1990); Martin v. Butcher (In re: Butcher), 72 B.R. 247, 250 (Bankr. E.D. Tenn. 1987); In re: Metzeler, 66 B.R. 977, 981 (Bankr. S.D.N.Y. 1986); cf. Pugh v. Brook (In re: Pugh), 158 F.3d 530, 534-36 (11th Cir. 1998)(concluding that the limitations period prescribed in §§ 546(a) and 549(d) are statutes that are subject to the doctrine of equitable tolling and waiver).

"When fraud goes undiscovered because the defendant has taken positive steps after commission of the fraud to keep it concealment, § 546 is tolled until there is actual discovery of the fraud." In re: Pomaville, 190 B.R. at 636-37 (citing Tomera v. Galt, 511 F.2d 504, 510 (7th Cir. 1987)). Furthermore, § 546 may also be tolled under the doctrine of equitable tolling even where there is no active concealment involved. A negligent concealment may suffice to invoke the doctrine, provided that the Plaintiff has made a sufficient showing of due diligence and reasonable care taken in seeking to discover facts that would lead to the disclosure of the fraud. Id.

In the instant case, the Trustee asserts that both the Debtor and Frazier have conspired to withhold information regarding the referenced stock and the civil litigation. There is no dispute that the Debtor failed to list the Tiffin stock or the litigation involving the stock, in his bankruptcy schedules or in the statement of financial affairs, filed on March 11, 2002. (Case No. 02-30767, Doc. 2). Essentially, the Trustee argues that because of misrepresentations and concealment of material information, she was only

able to gain a general and tangential grasp of the Debtor's stock ownership and of the pending state court litigation. The Trustee points out that while there existed a marital settlement agreement purporting to transfer the stock to Frazier, shortly after he filed his bankruptcy case he made an offer to sell the stock and even made sworn statements to the effect that he was the true owner of the stock as late as October 28, 2004. (Price Dep. at 7). Additionally, in a letter dated October 14, 2002, counsel for the Debtor, writing in his capacity as attorney for the Debtor and also for Frazier, represented to the Trustee that the Tiffin stock had minimal value and that the state court litigation was not going well. The Trustee contends that representations such as these directed her attention away from the stock and the litigation involving the stock. (Pl.'s Ex. E).

Frazier on the other hand contends that the Trustee has failed to exercise due diligence, thereby precluding the application of the doctrine of equitable tolling because the Trustee had actual knowledge of the marital settlement agreement and of the Debtor's involvement in the stock litigation. The Court disagrees, and after hearing argument on the motion, finds that there is a genuine issue of material fact as to the Trustee's knowledge and diligence with respect to the application of the doctrine of equitable tolling. Whether there was an intentional or negligent concealment, whether the Trustee exercised due diligence with regard to uncovering the facts surrounding the stock and the state court litigation, as well as the Trustee's knowledge are all factual issues that should be resolved in the context of a trial. For these reasons, entry of summary judgment on the issue of whether or not the statute of limitations is actually tolled would be inappropriate.

Frazier also argues that absent proof of an actual fraudulent transfer, the Trustee cannot proceed with her claims. More specifically, Frazier asserts that as the property at

7
Case 05-03063   Doc 107   Filed 07/17/06   Entered 07/18/06 11:10:14   Desc Main
                           Document        Page 7 of 9

issue here was transferred to her prepetition pursuant to a divorce decree, the Trustee must prove collusion to avoid its effect. The Court does not disagree with Frazier's interpretation of the law in this regard. Moreover, as the Trustee has not alleged a fraudulent transfer claim under § 544 with respect to the Steamboat Springs residence, the Court no longer views this piece of property as being at issue in this Adversary Proceeding. (Doc. 59).

The stock and the litigation proceeds, however, remain very much at issue here. The record as presented thus far in these proceedings reveals that the Trustee has presented sufficient evidence in support of her claim that the martial settlement agreement was the product of collusion for purposes of summary judgment. First, the Trustee points to the inequitable distribution of martial property in this case. Nearly every marital asset was conveyed to Frazier, with the Debtor paying substantially all of the debts. (Pl.'s Ex. A). Second, as discussed above, the Debtor failed to list the stock and the lawsuit in his bankruptcy schedules and in his statement of financial affairs, while later in time making sworn statements of his ownership in the stock. (Pl.'s Ex. D). Third, at times relevant during the transactions in question, Frazier and the Debtor have been represented by the same attorney. (Pl.'s Ex. E). Fourth, the letter dated October 14, 2002, in effect, represented to the Trustee that the Tiffin stock and the litigation was not worth pursuing. (Pl.'s Ex. E). Frazier's argument, that the Trustee has presented no evidence of collusion, is contrary to the record now before the Court.

## III. CONCLUSION

For the reasons set forth above, Defendant Frazier's Motion for Summary Judgment is DENIED. (Doc. 86). The Court will enter an Order consistent with this Memorandum Decision by way of separate document.

Done this 17th day of July, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: David B. Anderson, Attorney for Starla W. Price Frazier
Von G. Memory, Attorney for Trustee
Charles N. Parnell, Attorney for Stephen L. Price
Andre M. Toffel, Attorney for Thomas E. Baddley